UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 31 2011
BROOKLYN OFFICE

---------------------------------X

ANTHONY BRODZKI,

           Plaintiff,

-against-

CITY OF NORTH RICHLAND HILLS,

           Defendant.

---------------------------------X

**MEMORANDUM AND ORDER**
11-cv-04683 (ENV)

**VITALIANO, D.J.:**

Plaintiff Anthony Brodzki files this pro se action against the Texas town in which he resides. Plaintiff also requests to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The request to proceed in forma pauperis is granted solely for the purpose of this Memorandum and Order. For the reasons stated below, however, the complaint is dismissed.

**I. Plaintiff's Litigation History**

As an initial matter and for purposes of context, the Court notes that Brodzki is no stranger to the federal judicial system. The Federal Judiciary Public Access to Court Electronic Records ("PACER") Service reflects that Brodzki has filed more than 100 cases, including appeals, since 2009. See http://pacer.psc.uscourts.gov (last visited September 27, 2011). The Court also notes that the Northern District of Illinois has issued a vexatious litigant order against Brodzki. See In re Anthony J. Brodzki, No. 10-CV-04591 (N.D. Ill. July 23, 2010). Additionally, Brodzki has been monetarily sanctioned in the Northern District of

Texas based upon his history of submitting frivolous lawsuits. See Brodzki v. N. Richland Hills Police Dept., No. 10-CV-0539-P-BH (N.D. Tex. March 31, 2010). Many of Brodzki's other lawsuits were also found to be frivolous and, as one court stated, "wholly within the realm of fantasy." Brodzki v. Reg'l Justice Ctr., 10-CV-01091-LDG-LRL (D. Nev. July 22, 2010). Like this action, Brodzki's prior claims frequently involved allegations of electronic harassment.

## II. Discussion

### A. Standard of Review

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Generally, a pro se complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam). However, while courts must read pro se complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-76 (2d Cir. 2006) (quotation omitted), at its core, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). "A claim has facial plausability when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and

2

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

### B. The Complaint is Frivolous

The instant action is patently frivolous. An action is deemed frivolous as a matter of law when, inter alia, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

In Denton v. Hernandez, 504 U.S. 25, 112 S. Ct. 728 (1992), the Supreme Court noted that

> the in forma pauperis statute, unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure] accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Denton, 504 U.S. at 32 (quotation omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." Id. at 33.

Plaintiff's allegations, on their face, are irrational to the say the least. The entire complaint reads as follows:

> The town of north Richland hills does not want me here. They keep using dissertation equipment, at first by the police and now by citizens as well. Nobody tells me officially, why, but I get bad headaches from their model 3400 black box computer disorientation equipment. I am getting exhausted to the point of being highly concerned for my health. I soon will be 51 years old and to be expedited

3

for the 8th time here is getting me disguised. I do not wish to stay here, yet why does an American citizen get harassed out of a town. To give up a legal right, one on the other side of the fence needs to give up a legal right. Police harassment, civilian heckling police head trauma.

I ask for 50,000,000 in all damages and an injunction stopping intrusions of the mind and body.

They have turned me from relocating to all of New York. I ask for venue.

(Complaint at 1.)

Not only are Brodski's allegations irrational on their face, but even on the most generous reading, their description of conspiracy and persecution is "wholly incredible." Denton, 504 U.S. at 34. Brodski's allegations suggest he experiences headaches and exhaustion he attributes to someone's "model 3400 black box computer disorientation equipment" and that he feels unwanted in the town of Richland Hills due to unspecified harassment, heckling and head trauma suffered at the hands of civilians and police. These allegations, coupled with the prayer for relief, $50,000,000 in damages and an injunction "stopping intrusions of the mind and body, make clear that, not only is the shadow of legal plausibility absent from the complaint, but the allegations fall well into the realm of factual delusion and legal fantasy. The Court finds, therefore, that plaintiff's complaint is frivolous as it is based on wholly incredible facts and an indisputably meritless legal theory. Accordingly, this action is dismissed.[1] 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1] The Court declines to transfer the action sua sponte to Texas. Concession Consultants, Inc. v. Mirisch, 355 F.2d 369, 371 (2d Cir. 1966) ("Since the right to attack venue is personal ... and waivable at will, a district judge should not, in the absence of extraordinary circumstances, impose his choice of forum upon the parties by deciding on his own motion that there was a lack of proper venue."). Dismissal rests on grounds far removed from any impropriety of venue.

## II. Conclusion

The complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED**

/S/
_____
Eric N. Vitaliano
United States District Judge

Dated: Brooklyn, New York
October 31, 2011